(No. 22883.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE PATRIS, Plaintiff in Error.

*Opinion filed June 14, 1935.*

SAMUEL L. GOLAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

George Patris, William Walters, Frank Currin, Harry Fitzel and John Poulos were indicted in the criminal court of Cook county on a charge of bombing a beauty parlor on Devon avenue, in the city of Chicago. Poulos, Currin and Patris were tried together. Poulos was acquitted. Currin and Patris were convicted. Patris has prosecuted a writ of error to review the proceedings.

Patris was secretary of the Restaurateurs of Illinois, with a down-town office at No. 6 North Clark street. The People claim that the testimony shows that Patris hired Currin to bomb the beauty parlor; that Currin associated Fitzel and Walters with himself; that Fitzel and Currin made the bomb, and that, in company with Currin, Walters lighted and threw it. Patris testified that he scarcely knew Currin, and the only dealings he ever had with him was that Currin came to his office seeking employment. He denied any complicity in the crime and produced testimony as to his previous good reputation.

Patris filed a petition for a change of venue from Judge Allegretti, alleging that he had been convicted by a jury in Judge Allegretti's court upon a charge of conspiracy to commit the substantive offenses charged in the case at bar, and that since the conclusion of that trial·he believed that Judge Allegretti was so prejudiced against him that he could not have a fair and impartial trial. Section 26 of the Venue act (Cahill's Stat. 1933, chap. 146, par. 26,) provides that no more than one change of venue shall be granted to a defendant or defendants, and that where one of several defendants makes an application for change of venue the court shall continue the cause for not more than one day and give the other defendants an opportunity to file petitions and name not more than two judges whom they believe to be prejudiced. The indictment in this case was one of five indictments against the same defendants growing out of the same transaction. All of the cases were assigned to Judge Miller, and it is claimed by the People that one of the defendants applied for a change of venue in all of the cases, but the plaintiff in error contends that a change was allowed only in the case which charged conspiracy. However, Judge Miller continued the application twenty-four hours and then transferred all the cases to the chief justice of the criminal court for re-assignment and they were assigned to Judge Allegretti. When defendant's counsel presented his application for a change of venue from Judge Allegretti, the court informed him that permission to file it would be refused if defendant had already filed a petition for a change of venue. A controversy arose between counsel for the respective parties as to whether a change of venue had been applied for and granted in this particular case. The court directed the parties to check the files, but the record discloses nothing as to the result of a check, if one was made. It is significant, though, that the record in this case is wholly silent as to any application for a change

of venue except the one presented by Patris, and it was denied. If a change had been granted in this case it should have been shown by the record. Upon this record the change from Judge Allegretti should have been allowed.

Patris filed a verified petition for a severance, asking to be tried separately from Currin, Walters and Fitzel. The petition alleges that they made oral confessions to the police department and to members of the State's attorney's staff admitting their guilt and implicating defendant; that said confessions and admissions were untrue so far as Patris is concerned, and that it was the purpose of the prosecutor to offer such confessions and the testimony as to such admissions in evidence. The prosecution made no objection to a severance as to Walters and Fitzel but objected to a severance of Patris from Currin. Defendant's counsel stated to the court that if the prosecution would agree not to use Currin's confession defendant was not entitled to a severance but insisted upon it unless it was so agreed. The State's attorney replied, "The State will try this case in a legal manner; that is all I can say." The court said, "These alleged statements that Currin is supposed to have made were all made in the presence of Patris." Defendant's counsel replied, "Out of the presence of Patris, too." The court replied that the statements made outside his presence could not be used against him and the jury would be instructed to disregard them. Defendant's counsel then stated to the court that if the testimony was once heard by the jury the instruction to disregard it would be valueless. The application for a severance from Currin was denied.

Upon the trial police officer Joseph Devery was permitted to testify, over defendant's objection, to a confession made by Currin at the police station, out of the presence of the defendant, in which Currin stated that Patris hired him to bomb a place on Michigan avenue for $25 and to bomb the beauty parlor on Devon avenue for $75.

Police Capt. Michael J. Grady was permitted to testify, over objection, that Currin told him, out of defendant's presence, that he was hired to bomb the Michigan avenue place by "the Greek," and that "the Greek" was the secretary of the Restaurateurs of Illinois, at No. 6 North Clark street. The court instructed the jury to disregard the testimony as to the occurrences out of the presence of Patris, so far as he was concerned. Police officers Devery, Grady and Brady testified that Patris was then brought in, and Currin was asked, in his presence, if Patris was the man who hired him to bomb the beauty parlor, and Currren said, "Yes"; that he was asked how much Patris paid him, and he said $75; that Capt. Grady asked Patris if he heard that statement, and Patris said he did; that Patris was asked if his hearing was good, and he said it was.

Capt. Grady testified that Patris admitted he had hired Currin to do some jobs for him, and made no denial of Currin's statements until he was later taken to the State's attorney's office.

It does not appear that Currin was questioned about the Michigan avenue transaction in the presence of Patris. Patris testified that after Currin's accusations in his presence, Capt. Grady asked him if his hearing was good, and he replied that it was; that he told the officers there that he never hired Currin or anyone else, never gave him a dime or any money in his life, and never had any dealings with anyone in a bombing case.

Currin did not testify. The conviction of Patris depended largely upon the testimony of the police officers as to Currin's confession implicating Patris. Their testimony as to what Currin said out of the presence of Patris about the bombing of the Michigan avenue place was highly prejudicial and it is impossible to know the extent of its effect upon the jury. It is apparent that the very situation arose which was anticipated by defendant's counsel

when the petition for a severance was filed. The court was advised of the prejudice to defendant which would arise from testimony as to admissions and confessions made out of the presence of defendant, and that an instruction to the jury to disregard it would not remedy the matter.

The general rule is, that those indicted jointly for the commission of a crime are to be tried together. The matter of granting a separate trial is within the discretion of the court and may not be assigned as error in the absence of abuse of such discretion. Confessions or admissions of one charged with a crime, made out of the presence of a co-defendant,. are not competent as against the co-defendant. (*People* v. *Barragan,* 337 Ill. 531; *People* v. *Buckminster,* 274 id. 435; *McCann* v. *People,* 226 id. 562; *People* v. *Johnson,* 333 id. 469.) When a motion for a separate trial is made on the ground of a confession by a co-defendant implicating the mover, a severance should be ordered unless the State's attorney declares that the admissions or confessions will not be offered in evidence upon the trial or unless there be eliminated from the confessions any reference to the co-defendant applying for a severance. (*People* v. *Fisher,* 340 Ill. 216; *People* v. *Sweetin,* 325 id. 245; *People* v. *Buckminster, supra.*) It has been held that, on the plainest principles of justice, if the prosecutor intends to use such confession the prisoner shall be tried separately. (*People* v. *Sweetin, supra; People* v. *Buckminster, supra; People* v. *Carmichael,* 314 Ill. 460.) While it is generally a matter of discretion with the court as to whether a separate trial shall be granted, such discretion is not to be exercised arbitrarily but so as to prevent injustice. The court instructed the jury to disregard the testimony as to the admissions of Currin made out of the presence of Patris, but the instruction could not cure the damage already done. While, theoretically, the instruction withdrew the evidence from the consideration of the jury, nevertheless the prejudicial effect

of the testimony inevitably remained. *People* v. *Sweetin, supra; People* v. *Carmichael, supra.*

The denial of the petition for a severance, under the circumstances shown by the record, was an abuse of the court's discretion and undoubtedly contributed largely to the conviction of the defendant. Upon his guilt or innocence we express no opinion, but the constitution guarantees to every person accused of crime, whether innocent or guilty, a fair and impartial trial, and no person should be condemned who has been deprived, over his objection, of such a trial. *People* v. *Sweetin, supra; People* v. *Bimbo,* 314 Ill. 449.

On account of the errors pointed out, the judgment of the criminal court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*