(No. 27649.—

The People of the State of Illinois, Defendant in Error, *vs.* Anthony Serritello *et al.*—(George Clow, Plaintiff in Error.)

*Opinion filed January 20, 1944—Rehearing denied March 23, 1944.*

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Defendant George Clow, whose correct name is Michael Cerese, and Anthony Serritello were indicted, convicted and sentenced to the penitentiary in the criminal court of Cook county for the crime of burglary. The jury found that Clow had been formerly convicted of robbery and he was committed to the penitentiary for life under the Habitual Criminal Act. (Ill. Rev. Stat. 1943, chap. 38, par. 602.) Each defendant was represented on the trial by separate counsel. Serritello has not joined in this writ of error.

The grounds relied upon by Clow for a reversal are (a) that the court should have granted him a separate trial, (b) error in the admission of evidence and (c) in the giving of an instruction.

The evidence shows that about 9 P. M., February 6, 1943, an apartment located on the northwest side of Chicago was burglarized and a fur coat, a radio, an automatic pistol, four pair of hosiery, six handkerchiefs, a man's jacket and a pair of trousers were stolen. A window in the rear of the apartment had been forced open by some kind of a pinch bar. An hour and a half thereafter, Serritello was driving an automobile in the loop district and Clow was riding with him. They were stopped by the police for a traffic violation. They got out of the car and while the police were questioning them Clow escaped. He was next apprehended April 17. In the glove compartment of the automobile in which defendants

were riding, the officers found the automatic pistol, the hosiery and handkerchiefs which had been taken from the apartment. On the floor of the automobile they also found a metal bar, described by some witnesses as a "jimmy bar," a bent screw driver and a nickel-plated pistol.

The evidence shows without contradiction that an apartment was burglarized and a part of the articles stolen therefrom were, two hours thereafter, found by the police in the Serritello automobile in which Clow was riding. Aside from the presumption of guilt that arises from Clow's joint possession with Serritello of the stolen articles, there is no evidence that connects him with the commission of the crime except what may be gathered from Serritello's confession.

The anticipated use of Serritello's confession was the basis of Clow's petition for a separate trial. During the hearing on the petition, the assistant State's Attorney stated they had Serritello's written confession and expected to introduce it in evidence, that wherever Clow's name appeared it would be deleted and that its use as evidence would be limited to the case against Serritello. Thereupon the court denied Clow's petition for a separate trial.

The general rule is, that those indicted jointly for the commission of a crime are to be tried together. Whether a separate trial should be granted or not is a matter that lies largely within the discretion of the trial court. Such discretion should not be exercised in an arbitrary manner or in such a way as to work an injustice. (*People* v. *Patris,* 360 Ill. 596; *People* v. *Sweetin,* 325 Ill. 245.) Ordinarily when a motion for a separate trial is made on the ground that a confession by a codefendant implicates the movant, a severance should be ordered unless the State's Attorney declares that the admissions or confessions will not be offered in evidence upon the trial or unless there be eliminated from the confessions any reference to the codefendant applying for a severance. (*People* v. *Fisher,* 340 Ill.

216; *People* v. *Sweetin,* 325 Ill. 245; *People* v. *Buck-minster,* 274 Ill. 435.) This practice was followed in this case but under the evidence the deletion of Clow's name from the confession did not remove from the consideration of the jury the prejudicial effect that arises by the implication of a defendant in the confession of a codefendant.

The witnesses who testified on behalf of the People were the owner of the apartment which was burglarized, the police officers who arrested Clow and Serritello in the loop district soon after the burglary and the officer who arrested Clow in April. The foundation for the introduction of the confession was laid in the testimony of the police officer who made the arrest of Serritello. After testifying to the stopping of the automobile, the taking of Serritello and Clow therefrom and the finding of the stolen articles and the burglar tools in the car, they identified Clow as one that was in the car and in possession of the stolen property. The following, taken from the confession, will serve to illustrate how the deletion of Clow's name from the confession did not disentangle his connection with the stolen articles. In making the confession Serritello was interrogated as to the articles found in his automobile. His answers with Clow's name deleted were: "Well, that blue steel automatic that is laying on the table there, we got that gun in the burglary, and then the little nickel plated gun that is laying along side of it that was Blank's gun, and there were two pair of ladies' stockings that we got in the burglary, they were in the car, too. The fur coat and the radio that we took in the burglary, Blank had sold them to some guy on the North Side before we got arrested, and he gave me $10 for my end." At another place he was asked: "How did Blank and yourself get out of this flat?" His answer was, "We got out through the back door, which we left open." He stated: "I carried the radio and Blank carried the rest of the stuff." He was further interrogated as to the nickel-

plated revolver found in the automobile and was asked: "Did he [Blank] have that gun on him when you entered this flat last night?" To which he answered: "Yes, he did." At another place he tells of meeting Blank at a street intersection and that Blank got out of the car and took the fur coat and the radio with him to sell, that after about twenty minutes Blank came back and gave him $10 and "said that he sold the radio and fur coat for twenty bucks."

In the offer of the confession in evidence, the assistant State's Attorney limited its use as evidence to Serritello but the deletion of Clow's name and its restricted use as evidence could not keep the jury from drawing unfavorable inferences against Clow as to whose name had been stricken therefrom. The prejudicial effect of the confession inevitably remained in the minds of the jury. (*People* v. *Patris,* 360 Ill. 596; *People* v. *Sweetin,* 325 Ill. 245; *People* v. *Carmichael,* 314 Ill. 460.) Many cases are cited on behalf of the People where this court held that the denial of a separate trial did not prejudice the petitioning defendant's interest, but an examination of the evidence in those cases discloses that there was evidence other than the codefendant's confession which connected him with the crime. (*Peope* v. *Diekelmann,* 367 Ill., 372; *People* v. *Betson,* 362 Ill. 502.) Such corroboration is absent in this case.

As was said in *People* v. *Patris,* 360 Ill. 596, "The denial of the petition for a severance, under the circumstances shown by the record, was an abuse of the court's discretion and undoubtedly contributed largely to the conviction of the defendant. Upon his guilt or innocence we express no opinion, but the constitution guarantees to every person accused of crime, whether innocent or guilty, a fair and impartial trial, and no person should be condemned who has been deprived, over his objection, of such a trial."

Clow's contention that it was error to admit in  evidence the stolen articles found in the glove compartment of the automobile and the burglar tools lying on the floor of the car can not be sustained. The identity of the articles found in the glove compartment as having been taken from the apartment was definitely established and Clow's unexplained joint possession of them with Serritello within two hours after the crime was committed was sufficient basis to admit them in evidence against Clow. (*People* v. *Strutynski*, 367 Ill. 551; *People* v. *Kulig*, 373 Ill. 102.) There was evidence that a window in the apartment had been forced open by use of a pinch bar. The tools found in the bottom of the car were described so that it appeared that the window might have been opened by the use of such tools. They were properly admitted in evidence.

The instruction complained of referred to the presumption that arises from the unexplained recent possession of stolen property. There was no explanation of Clow's and Serritello's possession and the instruction was proper.

The judgment of the criminal court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*