PEOPLE v. CAMPBELL.

1. ARSON—INCENDIARY ORIGIN OF FIRE—EVIDENCE—EXTRAJUDICIAL STATEMENTS BY DEFENDANTS.

If fire by which an unoccupied dwelling house was damaged was of incendiary origin, extrajudicial statements by defendants, charged with the crime, were admissible on preliminary examination to show they committed the crime but could not be used to establish the fact that the fire was incendiary (Act No. 328, § 72, Pub. Acts 1931).

2. SAME—EXTRAJUDICIAL STATEMENT OF DEFENDANT.

If a fire has been shown to be of incendiary origin, the extrajudicial statement by one of two defendants of their connection therewith would be admissible on preliminary examination upon the question of the guilt of the utterer (Act No. 328, § 72, Pub. Acts 1931).

3. SAME—PRELIMINARY EXAMINATION—EVIDENCE.

On preliminary examination of defendants charged with wilfully burning an unoccupied dwelling house, a lake cottage owned by one of them, evidence that fire occurred at 1:30 in the morning late in February, that neighbors heard an explosion, door was unlocked, a bed mattress and rags were found in a smouldering fire, an odor of gasoline was present, and an

empty gasoline can and partly filled kerosene can were found *held,* to establish incendiary origin of fire and with defendants' extrajudicial statements sufficient to hold them for trial in the circuit court (Act No. 328, § 72, Pub. Acts 1931).

4. CRIMINAL LAW—SEPARATE TRIALS—INSTRUCTIONS.

Trial court did not abuse discretion in denying separate trials to two defendants charged with wilfully burning an unoccupied dwelling house owned by one of them merely because extrajudicial statements made by one defendant not in the presence of the other might be prejudicial against the other in spite of any instruction of the court on the subject where the court carefully warned jury as to use of statements which had been made by one defendant not in the presence of the other (Act No. 328, § 72, Pub. Acts 1931).

5. SAME—SAVING QUESTION FOR REVIEW.

Claimed error in admission of testimony in trial of arson case of statement made by one defendant that he had been arrested and placed in jail on some charges involving a girl several years before is not considered where no objection was made to its admission.

6. SAME—FAILURE TO PRESENT WITNESS—RES GESTAE.

Failure of prosecution to present testimony of person who was at cottage, claimed to have been burned by defendants, the next morning after the fire, who had spent several weeks investigating and had charge of the exhibits, was not reversible error as he was not a *res gestae* witness.

7. ARSON—VERDICTS—GREAT WEIGHT OF EVIDENCE.

In prosecution of two defendants for wilfully burning an unoccupied dwelling house owned by one of them, evidence justified finding of jury that fire was incendiary and, in view of extrajudicial statements by each defendant as to his participation in causing the fire, verdict of conviction of each man was not against the great weight of the evidence (Act No. 328, § 72, Pub. Acts 1931).

Appeal from Livingston; Collins (Joseph H.), J. Submitted April 16, 1942. (Docket No. 79, Calendar No. 41,707.) Decided May 18, 1942.

Marshall Campbell and Edward Dayle Kettler were convicted of wilfully burning an unoccupied dwelling house. Affirmed.

*Shields & Smith,* for appellants.

*Herbert J. Rushton,* Attorney General, and *Joe P. Gates,* Prosecuting Attorney, for the people.

· WIEST, J. Defendants were charged with and convicted of the crime of wilfully burning an unoccupied dwelling house,[*] owned by defendant Edward Dayle Kettler, at Patterson Lake, in Livingston county, and each sentenced to imprisonment from 3 to 20 years.

At the close of the examination before the magistrate they moved for discharge on the ground that the crime charged had not been shown. The motion was denied and they were held for trial. Upon arraignment in the circuit court and before plea they renewed the motion which was again denied and, upon their standing mute, the court entered pleas of not guilty.

The testimony before the magistrate is in the record and under defendants' appeal the first question is whether it established the fact, outside of defendants' extrajudicial statements, that the fire was of incendiary origin. If the fire was of incendiary origin then statements of defendants of their connection therewith were admissible to show they committed the crime, but such extrajudicial statements could not be used to establish the fact that the fire was incendiary. *People* v. *Kirby,* 223 Mich. 440. If the circumstances accompanying the fire disclosed it was of incendiary origin then commission of the crime by some one could be found. *People* v. *Burlingame,* 257 Mich. 252; *Peterson* v. *Oceana Circuit Judge,* 243 Mich. 215.

If the fire was incendiary the extrajudicial statements made by defendants of their connection there-

---

[*] See Act No. 328, § 72, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-72, Stat. Ann. § 28.267).—REPORTER.

with could be shown upon the question of the guilt of the utterer.

The fire was discovered about 1:30, the morning of February 21, 1940, by a neighbor, living nearby, who heard an explosion and, upon investigation, noticed a flash of flame at the Kettler house, went over and found the house filled with smoke. Others soon came, including the fire department of a nearby village. The door of the house was found unlocked and a bed mattress and some rags were in a smouldering fire and an odor of gasoline was present. The fire was soon extinguished and the house and its other contents saved. An almost empty gasoline can and a partly filled kerosene can were found on a table, and the bed and rags carried evidence of gasoline.

Considering the time of year, the night hour of the fire, and the disclosed circumstances accompanying it, we think the evidence sufficiently established the fact that it was incendiary in origin and, therefore, the crime charged was committed by some one, and defendants' extrajudicial statements of their connection therewith were sufficient to hold them for trial in the circuit court.

Counsel, representing both defendants, moved for separate trials, claiming extrajudicial statements, purported to have been made by defendant Campbell, not in the presence of defendant Kettler, and, therefore, not admissible against Kettler, would be prejudicial to Kettler despite any instruction of the court on the subject. Separate trials were denied.

The statute, 3 Comp. Laws 1929, § 17298 (Stat. Ann. § 28.1028), provides:

"When two or more defendants shall be jointly indicted for any criminal offense, they shall be tried separately or jointly, in the discretion of the court."

We find no abuse of discretion in denying separate trials.

The circuit judge was careful throughout the trial to warn the jury relative to the use of the statements made by defendant Campbell, not in the presence of defendant Kettler, and instructed the jury:

"Some testimony has been given of statements made, and I will charge you in relation to the statements later. However, I will give you this charge at present.

"Some testimony has been given of statements made by defendant Campbell, not in the presence of defendant Kettler, wherein he used language tending to show that defendant Kettler participated in the burning of the cottage or building to the extent of planning with Campbell for its being done and hiring Campbell to do it. These statements of Campbell, if you find they were made, and if you so find they may be considered by you as I shall hereafter instruct you, may be considered by you as applying solely to Campbell who is claimed to have made them, and you are not to allow any admission made by Campbell as to the participation of Kettler to prejudice you against Kettler. Kettler was not present when they were made, they are not binding on him in any way, and you cannot use them as indicating guilt on the part of Kettler or any evidence of guilt on his part at all."

The statement made by defendant Campbell in the office of the prosecuting attorney, when asked whether he had been previously arrested and Campbell related about being placed in jail on some charges involving a girl several years before, was read in court and is claimed to have been error. We find no objection was made to its admission and will not consider it here.

Pat Dillon, who was at the cottage the next morning after the fire and spent several weeks investigating and had charge of the exhibits, did not appear

at the second trial. Defendants claim the failure of the prosecution to present his testimony was error. Dillon was not a *res gestae* witness, and there was no reversible error in not producing him at the trial.

The jury found the fire was incendiary and the evidence justified the finding. Upon such finding the jury could consider, on the question of his guilt, the extrajudicial statements of each defendant as to his participation in causing the fire.

Defendant Kettler's mother gave him the cottage in the fall of 1939 and, in January, 1940, he had the building insured for $1,000 and the furniture for $100.

It was the claim of the prosecution that defendant Kettler wanted the building and furniture burned to get the insurance and to that end employed and paid defendant Campbell to set the fire.

At the trial a witness for the prosecution testified that a short time before the fire defendant Kettler stated to him:

''That if he knew a certain man in Detroit, or if he could get hold of him, he could get him to burn the cottage for $50. * * * Prior to that he had made a remark about the cottage burning down. * * * He wished the darn thing would burn down. * * * Prior to the fire Mr. Kettler made a statement regarding spontaneous combustion. * * * He said he had some rags laying around there, he wished spontaneous combustion would happen.''

At the trial defendant Kettler was a witness in his own behalf and denied making any such statements.

A witness for the prosecution testified at the trial that in May following the fire defendant Campbell stated to him:

'' 'You know how that fire happened?' I said, 'I don't know and I don't want to know.' He said, 'You have got a good idea, haven't you?' I said,

'No, I haven't got any idea.'  He said, 'Well, I set it.'  He said, if I remember, Dayle (Mr. Kettler) offered him $10 for the job, he only had five at the time.   Also in the conversation, he said,—I don't remember what he did in the cottage inside, anyway, it exploded, he was running out the door, it knocked him down outside there, and that he had thrown the lock under a cottage, about two cottages down; the lock to Mr. Kettler's cottage.''

Defendant Campbell was also a witness in his own behalf at the trial and denied making such statements.

We cannot adjudge the verdict contrary to the great weight of the evidence.  The convictions are affirmed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.