**STATE, Appellee, v. JENKINS, et. Appellants.**

Ohio Appeals, First District, Hamilton County.

Nos. 6464, 6465, 6466.  Decided December 14, 1944.

Carson Hoy, Cincinnati, and Loyal S. Martin, Cincinnati, for appellee.

Philip J. Kennedy, Cincinnati, and Chauncey D. Pichel, Cincinnati, for Cook Jenkins.

Jos. H. Fulton, Cincinnati, and David L. Shannon, Cincinnati, for James Willie Brown.

August Beall, Jr., Cincinnati, and James E. Kimpel, for Johnnie Mae Gardner.

## OPINION

BY THE COURT:

(1) The principal ground for reversal of their convictions, asserted by the appellants, is that the Court erred in granting the State's application for a joint trial. They were charged with, and found guilty of murder in the first degree.

The joint trial was ordered on the application of the prosecuting attorney. The ground assigned by the prosecuting attorney was that the crime had been planned and personally executed by all the defendants, and that each had so confessed. The defendants assert that the ground relied upon not only forms no basis for ordering a joint trial, but, on the contrary, affirmatively shows that the defendants were entitled to separate trials.

The power to order a joint trial is conferred by §13,443-3 GC, by which it is enacted, that:

"When two or more persons are jointly indicted for a capital offense, each of such persons shall be tried separately unless the court for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, order said defendants be tried jointly."

That this section violates no constitutional right of the defendants is clear. It could be given retroactive operation without violating any constitutional provision. Beazell and Chatfield v Ohio, 269 U. S. 169.

Sec. 13,443-3 GC, has never been construed by the Supreme Court but it has in **State v Fox, 133 Oh St., 154,** considered §12,442-11 GC, which provides for joint trials in non-capital cases "unless the court for good cause shown orders a separate trial." It is true that in that case the court found that there was no issue of abuse of discretion, but the case did raise the issue of introduction of admissions or confessions by one of several co-defendants. And the Court held that such admissions and confessions were competent against the admitting or confessing defendant, even though they implicated other defendants, provided the court, by appropriate instruction, limited their probative value to the charge against the admitter or confessor, and clearly excluded them as against the other defendants. The court followed the overwhelming weight of the authorities, and expressly

placed the Illinois and Wisconsin cases, relied upon by the appellants, in the minority category. The court also indicated the trend of its thinking on the attitude of a court reviewing the order of a trial court in refusing to grant a separate trial. It did this by citing the annotation in 70 A. L. R., at 1185, where it is said:

"Separate trials are properly granted where it appears that a defendant would be prejudiced on a joint trial by the reception of evidence which is not admissible as against him, but which is competent as against his codefendant. But a refusal is justified when the jury is properly instructed concerning the application of the evidence and no prejudice has in fact resulted from trying the defendants jointly."

Many cases are cited in support of the statement of the annotator.

We conceive that the same principle applies to ordering a joint trial of defendants jointly indicted as applies to refusing to grant a serverance. Clearly, the facts assigned would be sufficient to justify a joint trial in any case, civil or criminal, where joint or several trial was a matter of choice, and no countervailing reason appeared. The ultimate issue is whether the defendants have received a fair trial. And that can only be determined by an examination of the record.

All of the defendants testified in this case.

An examination of these confessions and a comparison of them with the testimony which was given by the confessor upon the witness stand shows that the respect in which each defendant modified his or her confession resulted from an effort to minimize his or her own active participation and to magnify that of the other defendants. It was therefore the testimony rather than the confessions that was damaging to the other defendants. And, of course, each defendant was a competent witness, whether the trial was joint or several.

It is true that the defendants could have refused to testify in a separate trial, on the ground that his testimony might incriminate him, and, it may be that the incentive to testify might be greater or different in a joint trial, but no defendant had a vested right to have the other defendants refuse to testify on that ground. A codefendant might have

been induced to testify against another defendant on trial separately.

While it seems to us that the placing of these confessions in evidence could not have prejudiced any defendant under the circumstances of this case, still the court was careful to instruct the jury that it should not consider any confession except as against the confessor. That certainly protected the defendants in their rights as defined in **State v Fox, 133 Oh St., 154.**

(2) It is also urged that the court erred in overruling Jenkins' challenge to the array. The drawing was in open court, in the presence of the judge and counsel for defendants. After the wheel was spun, a jury commissioner drew seventy-five cards from the wheel. As each card was withdrawn, it was handed to a deputy sheriff, who read aloud the name. The card was then handed to a deputy clerk of courts who caused the name to be placed on the venire list.

It is said that this was not a compliance with §13,443-1 GC.

In view of §9 GC, which authorizes a deputy to perform all the duties of his principal, this drawing must be regarded as having taken place under the personal supervision of the clerk. That being so, we are of the opinion that it was a substantial compliance with §13,443-1 GC. Furthermore, there is no claim that the substantial rights of any defendant were prejudiced by the method of drawing.

(3) We have examined the record as to the other assignments of error, and have reached the conclusion that they are insubstantial. By §13449-5 GC, we are precluded from giving any effect to mere technical errors and must disregard all exceptions except such as are material and prejudcial to the substantial rights of the party excepting. We are directed to disregard all errors which do not affect the substantial rights of the parties. See:—**State v Moon, 124 Oh St., 465,** and **State v Witsel, 144 Oh St., 190.**

Each of the defendants testified to the substantial facts that fastened guilt. Under such circumstances, we cannot but disregard mere errors of form and the claim of abuse of discretion.

We find that the defendants received a fair trial, free of any prejudical error.

The judgments are affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, JJ., concur.