Hart, J.
 

 The principal question in the appeal to this court is whether, where two defendants are jointly indicted for first degree murder and it is disclosed, preceding the trial of the codefendants, that signed confessions by one of them made in the absence of the other will be offered in evidence, which confessions implicate such other, it is prejudicial error as to the latter codefendant for the trial court to grant, over such codefendant’s objection, the state’s motion for a joint trial.
 

 A collateral question is whether, where such joint trial is ordered and a confession is admitted in evidence as against the maker, an instruction to the jury to disregard the confession as against the other codefendant, gives adequate protection to him.
 

 In the absence of statutory provisions regulating the matter, there is a sharp conflict of judicial opinion on this subject. In many cases where one of several
 
 *234
 
 defendants jointly indicted for a capital offense has made admissions implicating others, the courts have held that a severance should be ordered. Typical of such cases is the case of
 
 People
 
 v.
 
 Sweetin,
 
 325 Ill., 245, 156 N. E., 354, wherein the court said:
 

 “While it is generally a matter of discretion with the court as to whether a separate trial shall be granted, such discretion is not arbitrary but should be so exercised as to prevent injustice, wherever possible. While the court instructed the jury that Height’s confessions were not admissible as against plaintiff in error, such instruction could by no possibility eradicate the testimony from the minds of the jury. While theoretically the instruction withdrew the evidence from the consideration' of the jury, practically the human mind is so constructed that ineyitably the prejudicial effect remained therein. * * * To obviate the evils arising from the possibility of the jury being misled by the confessions of a codefendant, the rule is general that where one of several defendants jointly indicted has madé admissions or confessions implicating others, a severance should be ordered unless the attorney for the' state declares that such admissions or confessions will not be offered in evidence on the trial.”
 
 People
 
 v.
 
 Buckminster,
 
 274 Ill., 435, 113 N. E., 713;
 
 People
 
 v.
 
 Patris,
 
 360 Ill., 596, 196 N. E., 806;
 
 People
 
 v.
 
 Barbaro,
 
 395 Ill., 264, 69 N. E. (2d), 692;
 
 People
 
 v.
 
 Serritello,
 
 385 Ill., 554, 53 N. E. (2d), 581;
 
 People
 
 v.
 
 Feolo,
 
 282 N. Y., 276, 26 N. E. (2d), 256.
 

 Some courts hold that the existence of a confession of a codefendant, which confession implicates the other codefendant, is not enough to require severance, and that by repeated warnings the jurors will dismiss the confession from their minds as against everyone but the maker, and, therefore severance is not required.
 
 *235
 

 United States
 
 v.
 
 Newhoff,
 
 83 F. (2d), 942;
 
 Commonwealth
 
 v.
 
 Bingham,
 
 158 Mass., 169, 33 N. E., 341;
 
 State
 
 v.
 
 Mathis,
 
 174 S. C. (N. S.), 344, 177 S. E., 318;
 
 Commonwealth
 
 v.
 
 Millen,
 
 289 Mass., 441, 194 N. E., 463;
 
 State
 
 v.
 
 Lord,
 
 42 N. M., 638, 84 P. (2d), 80;
 
 People
 
 v.
 
 Campbell,
 
 301 Mich., 670, 4 N. W. (2d), 51;
 
 Kennon
 
 v.
 
 State,
 
 181 Tenn., 415, 181 S. W. (2d), 364;
 
 Bennett
 
 v.
 
 State,
 
 201 Ark., 237, 144 S. W. (2d), 476;
 
 Nolan
 
 v.
 
 State,
 
 205 Ark., 103, 167 S. W. (2d), 503. See annotations, 70 A. L. R., 1185, 1187; 104 A. L. R., 1519; 131 A. L. R., 917.
 

 The statutes of this state relating to joinder of defendants in felony cases make a clear distinction between capital offenses and other felonies. When the Ohio Code of Criminal Procedure was revised and recodified in 1929, Section 13442-11, General Code (113 Ohio Laws, 123,181), was enacted as follows:
 

 “When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, order that one or more of said defendants be tried separately.”
 

 On the other hand, Section 13443-3, General Code (113 Ohio Laws, 123, 183), as enacted in 1929, then provided as follows:
 

 “When two or more persons are jointly indicted for a capital offense, each of such persons shall be tried separately.”
 

 This section was amended in 1935 (116 Ohio Laws, 301) and in its present form provides:
 

 “When two or more persons are jointly indicted for a capital offense, each of such persons shall be tried separately unless the court for good cause shown on application therefor by the prosecuting attorney or
 
 *236
 
 one or more of said defendants, order said defendants be tried jointly.”
 

 Since the applicable statute provides that persons jointly indicted for a capital offense shall be separately tried unless for good cause shown the court orders otherwise, the burden of showing good cause is- necessarily upon the party or parties making the application for a joint trial, and such good cause must necessarily be some operative factor not present in every case of joint indictments of defendants in capital cases. For instance, the additional time and labor required of the state or court, or the expense to the state, made necessary by separate trials, cannot be assigned or considered as good cause.
 

 Neither the state which made the application for a joint trial nor Gordon who orally joined in it, so far as the record discloses, offered any evidence to sustain the burden cast upon them, as applicants for a joint trial, to show good cause as the basis for the order made by the court.
 

 The trial court at the time the application for a joint trial was heard was advised of the fact that there was in existence a written confession of guilt on the part of Gordon (implicating Marie as a conspirator in the crime), and in passing upon the motion the court took the position that the confession was competent evidence against Gordon but incompetent as against Marie. These facts are disclosed in the opinion of the trial court in passing upon the application for a joint trial.
 

 The trial court, in sustaining the application for joint trial, as disclosed by his opinion, relied on the holding of the Court of Appeals of the same district in the case of
 
 State
 
 v.
 
 Jenkins,
 
 76 Ohio App., 277, 64 N. E. (2d), 86. That case held that a court does not abuse its discretion in ordering a joint trial in a capital
 
 *237
 
 case, where one defendant’s confession implicating the other is admitted in evidence, provided the court carefully instructs the jury that it should not consider the confession except as against the confessor.
 

 In justice to the trial court in the instant case, it should be stated that in passing upon this question the court did not have the benefit of the views of this court on a similar question later decided in the case of
 
 State
 
 v.
 
 Rosen,
 
 151 Ohio St., 339, 86 N. E. (2d), 24, to which reference will hereinafter be made.
 

 At the very outset of the trial of the instant case, the state, in its opening statement to the jury, said that its statement would be an attempt ‘ ‘ to give you a picure of the case as we expect it to unfold, and to tell you what we expect to produce by way of evidence.” The state then proceeded to give all the circumstances surrounding the killing of Morris, and a detailed statement of Gordon’s confession, including as a part of it the statements which Gordon alleged Marie made to him and which were incriminating as to her.
 

 Everett L. McSavaney, who soon after the killing of Morris interviewed Gordon and procured the confession from him, was called as a witness for the state and in his testimony the statements of Gordon constituting the confession and implicating both himself and Marie were given to the jury. At the close of Mc-Savaney’s testimony the written signed confession of Gordon was introduced in evidence. The state then rested.
 

 The court, from time to time during the trial, and in its general charge instructed the jury that the statements which Gordon made in his confession or confessions should not be considered by it and should not be given any weight in determining the guilt or innocence of Marie.
 

 
 *238
 
 The state claims that these admonitions and charge of the court fully protected the rights of Marie and the trial court did not abuse its discretion in granting a joint trial in this ease. On the other hand Marie insists that it is practically impossible for the average juror, without experience or skill in weighing and applying evidence, to divest his mind of such testimony, and for that reason, under the circumstances of this case, a joint trial should not have been required.
 

 The question of the right of a defendant to a separate trial, in a case where he has been implicated in the crime covered by the indictment by the confession of a codefendant, was squarely before this court in the recent case of
 
 State
 
 v.
 
 Rosen, supra.
 
 That case, however, had to do with a confession of one of three defendants jointly indicted for armed robbery and the situation was therefore governed by Section 13442-11, General Code, providing that where two or more persons are jointly indicted for a felony, excepting capital offense, they shall be tried jointly unless the court for good cause shown orders the defendants .to be tried separately. There the burden was on the defendant Rosen to show cause why he should be tried separately, the reverse of the situation in the case at bar.
 

 In the
 
 Rosen case
 
 this court held that where it is disclosed, preceding the trial of codefendants jointly charged with the commission of a felony, that a signed confession by one of the defendants, made in the absence of his codefendants, will be put in evidence, which confession contains statements showing the guilt of a codefendant, and based thereon an application for separate trial is duly made by that codefendant, it is the duty of the trial court either to grant the application or to order the prejudicial matter withheld or deleted before admitting the confession in evidence.
 

 
 *239
 
 In commenting on the rale applied in the
 
 Rosen case,
 
 Judge Matthias, speaking for the court, appropriately said:
 

 “The fact must be recognized, however, that in many cases the admission of such ex parte statements creates impressions so adverse that they may not be eradicated from the minds of the members of the jury. The prejudicial matter should be stricken out or deleted before the confession is admitted in evidence.”
 

 For greater reason, in the instant case, where Marie was charged with a capital offense and entitled under the statute to a separate trial, unless good cause was shown for a joint trial, the burden to establish which was not on Marie but on the applicants therefor, she was entitled to a separate trial.
 

 The court, having denied Marie a separate trial and having failed to exclude the prejudicial matter in Gordon’s confession from the jury, abused its discretion.
 

 Marie Abbott claims also that the court erred in not limiting its charge to the jury as to her to first degree murder for the reason that there wás no evidence offered upon which to convict her of murder in the second degree or of manslaughter. However, since murder in the second degree is an included offense in an indictment for murder in the first degree, there was no error in the court’s charge in that respect.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.