The State of Ohio, Appellee, *v.* Perod et al., Appellants.

(Nos. 622 and 623—Decided July 31, 1968.)

*Mr. Joseph E. Mahoney,* prosecuting attorney, *Mr. Charles M. Diamond* and *Mr. Francis A. Varckette,* for appellee.

*Mr. Phillip J. Cantagallo,* for appellants.

RUTHERFORD, J. Dominic P. Senzarino, Jr., Clyde C. Perod, Frank Albert Scunzio and Peter A. Costello, Jr., were jointly indicted, in case No. 8564, upon a charge that on August 21, 1966, they did unlawfully, with instruments, attempt to force entrance in a safe, the property of the Cove Bar, Inc., wherein was contained money and other things of value, in violation of the provisions of Section 2907.12, Revised Code. By a second count, in case No. 8564, and, by separate indictment, in case No. 8583, it was charged that at the same time, August 21, 1966, they did maliciously break and enter in the day time a certain building, to wit, the Cove Bar, belonging to Cove Bar, Inc., with intent to steal something of value, contrary to the provisions of Section 2907.15, Revised Code.

Cases Nos. 8564 and 8583 were consolidated. Frank Albert Scunzio waived trial by jury, and Peter A. Costello, Jr., was granted a separate trial.

Prior to trial, Clyde C. Perod filed a motion for an order granting him a separate trial, which motion the court overruled.

Dominic Senzarino and Clyde Perod were jointly tried upon the two counts, and the jury returned verdicts finding each guilty as charged upon each count. Motions for new trial were overruled, and each was sentenced upon each count, with the sentences of Dominic Senzarino to be served consecutively and the sentences of Clyde Perod to be served concurrently.

These appeals on questions of law are from the judgments and sentences entered following the jury verdicts finding each defendant guilty as charged.

One of the errors assigned by the defendant Clyde Perod is that he was prejudiced by the court's refusal to grant him a separate trial. The defendant Dominic P. Senzarino, Jr., did not request a separate trial.

Section 2945.13, Revised Code, pertaining to joint trials in felony cases, provides:

"When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court, for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, orders one or more of said defendants to be tried separately."

The motion filed by defendant Clyde Perod for a separate trial reads as follows:

"Now comes the defendant, Clyde C. Perod, by his attorney, and moves the court for an order granting him a separate trial in this cause for the following reasons:

"1. That he would be unable to secure a fair trial if he were compelled to stand trial with the co-defendant herein;

"2. That the weight and inflammatory nature of the evidence against some of the co-defendants may adversely effect this defendant;

"3. That there is a significant disparity in the age and background of this defendant and that of some of the co-defendants.

"4. That in the presentation of his own defense, this defendant contemplates calling one or more of the co-defendants to testify. Unless this defendant is tried separately from the other defendants herein, it is unlikely that the other defendants will take the witness stand and offer testimony on behalf of this defendant, with the resultant deprivation of testimony from material witnesses.

"Wherefore, the movant sincerely urges the court to eliminate the prejudicial effect of the joinder of the defendants herein and grant him a separate trial."

The court's journal entry upon the motion reads:

"This cause came on to be heard this 13th day of October upon the motion of the defendant, Clyde C. Perod, for a separate trial. Upon consideration whereof, said

motion is overruled with exceptions of the defendant noted."

Counsel for the defendant stated in argument before this court that such motion was presented without any testimony or evidence being offered at the hearing. Had there been testimony offered, in the absence of a bill of exceptions, it would be impossible for us to know what the trial court considered in passing upon the motion.

Counsel for defendant Clyde Perod takes the position that it was not necessary to offer testimony in support of the motion. He asserts that prejudice is established merely by the allegations contained in the motion and especially by the assertion that he contemplated calling one or more of the co-defendants to testify. Whether defendant Dominic P. Senzarino was one of the co-defendants whom he wished to call as a witness was not specified in the motion, but with the overruling of the motion for a separate trial, under the provisions of the Fifth Amendment of the Constitution of the United States and Article I, Section 10 of the Constitution of Ohio, the co-defendant Dominic P. Senzarino could not be compelled to be a witness against himself and, therefore, could not be compelled to take the witness stand for any purpose when he, too, was being tried in the same trial. During the joint trial, Clyde Perod testified, but Dominic Senzarino exercised his constitutional right and did not become a witness.

When two or more persons are jointly indicted for a capital offense, Section 2945.20, Revised Code, provides that each of such persons shall be tried separately, but the court for good cause shown on application therefor by the prosecuting attorney or one or more of the defendants may order such defendants to be tried jointly. In capital cases, the burden is on the applicant to show cause why the court should order a joint trial, but the reverse is true in the instant case. When two or more persons have been jointly indicted for a felony, other than a capital offense, Section 2945.13, Revised Code, *supra,* provides that they shall be tried jointly unless the court, on application therefor by the prosecuting attorney or one or more of the defendants, orders one or more of such defendants tried sep-

arately, and the burden of showing good cause for separate trial is upon the applicant for the order granting a separate trial. Thus, whereas in capital cases the burden is on the applicant to show cause for joinder, in the instant case, the indictment being for a felony other than a capital offense, the burden was on the defendant Clyde Perod to show cause why he should be tried separately. *State v. Abbott,* 152 Ohio St. 228, at page 238.

The defendant in his brief filed in this court cites the case of *United States v. Echeles,* 352 F. 2d 892, United States Court of Appeals, Seventh Circuit, decided September 2, 1965, in which the judgment of conviction and sentence of Echeles was reversed because of prejudicial error resulting from joint trial when the application of Echeles for a separate trial had been denied. The court, in finding prejudice, pointed out, however, that it would seem more likely than not that Arrington (the co-defendant) would have testified for Echeles for the reason that three times previously, in open court, Arrington voluntarily exculpated Echeles, apparently contrary to his own penal interest. The Seventh Circuit Court of Appeals then said, at page 898:

"* * * At this juncture, we hold merely that, having knowledge of Arrington's record testimony protesting Echeles' innocence, and considering the obvious importance of such testimony to Echeles, it was error to deny the motion for a separate trial. * * *"

The court then further pointed out the fact that the government was permitted to introduce into evidence the incriminatory admissions of Arrington taken from the transcript of a prior narcotics trial while an objection was sustained precluding Echeles from reading into evidence Arrington's statements protesting the innocence of Echeles contained in the same transcript. Also, see *State v. Abbott,* 152 Ohio St. 228, wherein the Supreme Court of Ohio held a defendant entitled to a separate trial as requested because of prejudice which would result from admission in evidence of confessions of a co-defendant made in the absence of the nonconfessing defendant.

It is easy to see why the courts abused their discretion

in refusing Echeles and Abbott separate trials under the circumstances existing in each case, but upon its facts the case at bar must be distinguished from *United States* v. *Echeles,* 352 F. 2d 892, and *State* v. *Abbott,* 152 Ohio St. 228.

The case at bar is analogous to the case of *Smith* v. *United States,* 385 F. 2d 34, decided by the United States Court of Appeals, Fifth Circuit, at a later date, on November 8, 1967, wherein the court affirmed a judgment of conviction and sentence with severance of trial having been refused. The court stated at page 37:

"* * * Both Smith and Lott claim error in the denial of their respective motions for separate trials. Rule 14, F. R. Crim. P. It is axiomatic that the granting of separate trials for co-defendants is a matter for the discretion of the trial judge. *Opper* v. *United States* (1954), 348 U. S. 84, 75 S. Ct. 158, 99 L. Ed. 101; *Peterson* v. *United States* (5th Cir. 1965), 344 F. 2d 419. Absent some abuse of discretion, to be demonstrated by a clear showing of prejudice and the consequent denial of a fair trial, the determination is not subject to reversal. *Milam* v. *United States* (5th Cir. 1963), 322 F. 2d 104, cert. denied, 377 U. S. 911, 84 S. Ct. 1174, 12 L. Ed. 2d 181 (1964); *Garcia* v. *United States* (5th Cir. 1963), 315 F. 2d 679; *Dowling* v. *United States* (5th Cir. 1958), 249 F. 2d 746; *Corcoran* v. *United States* (5th Cir. 1956), 229 F. 2d 295.

"Smith directs our attention to no specific prejudice resulting from his trial jointly with Lott. [Footnote 8 on page 38: "Although Lott's counsel mentioned in jury argument that only Smith had actual possession of the heroin, this would have been apparent were Smith tried alone. Lott's prior narcotics convictions which Smith feared would prejudice him 'simply by virtue of his association,' were never revealed to the jury. All other allegations of prejudice to Smith are hypothetical only."] Lott argues that the joint trial denied him the opportunity to call Smith as a witness for the purpose of explaining his possession. An intention of the movant to have his codefendant testify has never been considered ground of severance. This is especially true where, as here, any prejudice resulting from the joint trial is merely speculative. Lott has neither shown

nor asserted that (1) Smith's version of the facts would have any exculpatory effect, or that (2) Smith would more likely testify were he tried separately. We do not conjecture abuses of discretion.''

Rule 14 of the Federal Rules of Criminal Procedure (Title 18, U. S. Code) contains a provision similar to that of Section 2945.13, Revised Code of Ohio, *supra.* Rule 14 reads:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

In the case of *State* v. *Abbott,* 152 Ohio St. 228, the Supreme Court of Ohio quoted from another case the general rule typical of both federal and state cases, that:

" 'While it is generally a matter of discretion with the court as to whether a separate trial shall be granted, such discretion is not arbitrary but should be so exercised as to prevent injustice, wherever possible. * * *' ''

In the instant case, Clyde Perod did receive a separate trial from Frank Scunzio and Peter A. Costello, Jr., and Peter A. Costello, Jr., was called and did testify. Frank Albert Scunzio, who waived trial by jury, could have been called to testify but Clyde Perod did not call him as a witness. Clyde Perod in his motion for separation stated that he contemplated calling one or more of the co-defendants to testify. He did not specifically specify that he contemplated calling Dominic Senzarino, with whom he was jointly tried. Co-defendant Dominic Senzarino not only did not take the witness stand but he had refused to talk from the time of his arrest. There were no admissions or confessions by Dominic Senzarino to be put into evidence, and at trial there was no evidence offered relative to his character or past record, if any.

If defendant Clyde Perod did contemplate calling Dominic Senzarino as a witness, he failed to disclose or proffer the purpose for which he might wish to call him or to what he might expect that Dominic Senzarino would or

could testify that might in any way be beneficial. The record shows a request by motion for a separate trial but a total failure to show cause. We will not conjecture an abuse of discretion by the trial court.

To grant to defendant Clyde Perod a separate trial, upon the record in this case, would require the granting of a separate trial to all defendants merely upon their request, but such is not the law under either the Constitution of the United States, the Constitution of Ohio or the Ohio statute.

For the reasons stated, we find no error in the court's order overruling the motion of Clyde Perod for a separate trial.

The next assigned error we will consider pertains only to the defendant Dominic Senzarino.

Relative to Clyde Perod testifying and Dominic Senzarino not taking the witness stand, the court instructed the jury as follows:

"On the trial of a criminal cause, a person charged with an offense may at his own request be a witness, but not otherwise. He cannot be compelled to testify. If a defendant testifies, his testimony is to be weighed by the same rules that apply to other witnesses, as heretofore instructed. You may not reject his testimony if you believe it to be true simply because he is a defendant."

The defendant Dominic Senzarino timely requested, in writing, that the court further instruct the jury as follows:

"The failure of any defendant to take the witness stand and testify in his own behalf does not create any presumption against him; the jury is charged that it must not permit the fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner."

The trial court refused to thus further instruct the jury, and such refusal has been assigned as error.

The Fifth Amendment of the Constitution of the United States provides:

"No person shall * * * be compelled in any criminal case to be a witness against himself, * * *."

Article I, Section 10, of the Constitution of Ohio, provides:

"* * * No person shall be compelled, in any criminal case, to be a witness against himself; * * *."

The court in the instant case did instruct that in trial of a criminal cause a person charged with an offense may at his own request be a witness, but not otherwise, and that he cannot be compelled to testify.

The Ohio Constitution contains an additional provision that a defendant's failure to testify may be considered by the court and jury and may be the subject of comment by counsel. California's Constitution contained a similar provision, and in the case of *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, relative to comment, the Supreme Court of the United States held that the trial judge's and the prosecutor's comments on defendant's failure to testify in the California criminal case violated the self-incrimination clause of the Fifth Amendment of the United States Constitution, which clause is made applicable to the states by the Fourteenth Amendment of the United States Constitution. In giving the reason for so holding, the court said that the prosecutor's comments on the defendant's refusal to testify and the court's acquiescence are the equivalent of an offer of evidence and its acceptance even though no formal offer of proof is made.

*In the instant case, the jury was instructed as to what the Constitution provides without any help from the court as to any inference to be made therefrom and without any act on the part of either the prosecutor or the court, which might solemnize the silence of the accused, Dominic Senzarino, into evidence against him.*

In *Bruno* v. *United States*, 308 U. S. 287, 84 L. Ed. 257, 60 S. Ct. 198, the Supreme Court of the United States held that a defendant is entitled to a charge that his failure to testify does not create any presumption against him, and failure to give such charge on request is error.

The charge requested by Bruno and refused by the trial court was identical to the charge requested by Dominic

Senzarino, but the Supreme Court was careful to point out in the *Bruno case* that the issue was determined by proper application of the Act of March 16, 1878, 20 Stat. at L. 30, now Title 28, Section 632, U. S. Code. Congress by this Act provided that:

"* * * the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

Neither the United States Constitution nor the Ohio Constitution contains a like provision that "his failure to make such request shall not create any presumption against him," which provision by Act of Congress became controlling in the *Bruno case*. Such Act of Congress made applicable to federal criminal proceedings is not applicable to state trials, neither is it mandatory under the United States Constitution that the state legislatures pass similar legis-lation.

If there is a federal requirement that the state court instruct that a defendant's failure to testify does not create any presumption against him, that requirement must arise directly from a duty imposed by the provisions of the United States Constitution upon the state courts.

In *Griffin* v. *California, supra,* the Supreme Court of the United States held that Fifth Amendment to the United States Constitution does directly impose upon the states *a restriction against comment upon the accused's failure to testify because such comment when acquiesced in by the court solemnizes the silence of the accused into evidence against him and thus has the effect by virtue of conduct of the prosecutor acquiesced in by the court of compelling the defendant by his silence to be a witness against himself.*

In *Griffin* v. *California, supra,* it should be noted that the Supreme Court of the United States not only said, "What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another," but, via footnote at the end of the opinion, relative to state trials, said:

"We reserve decision on whether an accused can require, as in *Bruno* v. *United States,* 308 U. S. 287, that the jury, be instructed that his silence must be disregarded."

For the reasons stated, neither the decision in *Bruno* v. *United States, supra,* the decision in *Griffin* v. *California, supra,* nor any United States Supreme Court decision decided prior to *Griffin* v. *California,* on April 28, 1965, would be *stare decisis* of the issue before us.

There is no such provision in the Ohio statutes or the Constitution of Ohio, and we find no provision in the United States Constitution, which entitles a defendant in a state criminal trial to have the jury instructed that his failure to testify does not create any presumption against him.

For the reasons stated herein, which have also been set forth by the trial court in its opinion in *State* v. *Senzarino,* 10 Ohio Misc. 241, the assigned error that the court erred in refusing to instruct the jury as requested by the defendant is overruled.

We have carefully reviewed the record and each assigned error. We do not find the judgments appealed from to be either against the manifest weight of the evidence or contrary to law. Each assigned error is overruled. We find no error prejudicial to either defendant and no violation of the constitutional rights of either. Each of the judgments appealed from is affirmed.

*Judgments affirmed.*

Jones, P. J., and Lynch, J., concur.

Rutherford, J., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District.