THE STATE OF OHIO, APPELLEE, *v.* HOUSTON, APPELLANT.

(No. 49128—Decided June 17, 1985.)

John T. Corrigan, prosecuting attorney, and Brian M. Fallon, for appellee.

Patricia Walsh, for appellant.

PARRINO, P.J. Defendant-appellant, Edward Houston, Sr., was convicted of two counts of aggravated robbery, one count of possession of criminal tools and one count of unlawful possession of a dangerous ordnance.

I

This case arose out of an aggravated robbery which occurred shortly after midnight on August 21, 1981 at Buckeye South Woodland Beverage.

Orrin McNear, a clerk at the store, told Lawrence Mixon, the store owner, that two men who came into the store wearing sunglasses had been standing outside a short time before. McNear, Mixon and Maryann Timmons were in the back of the store. The store had several cameras installed for security purposes, and they were focused on the two men on the monitor as they walked through the store. Debra Cofield was the cashier at the time.

When the two men approached the cashier, one man pulled a sawed-off shotgun out of a bag. Cofield gave them the money in the register. Mixon grabbed a shotgun and turned on the holdup alarm. He ran after them. The robber with the gun shot at Mixon. Mixon returned fire and shot the man who did not have the shotgun, later identified as Doyle Hopkins. Mixon handcuffed Hopkins, but the other robber escaped. At trial, Cofield, Mixon, McNear and Timmons all positively identified the defendant as the robber who had the shotgun.

Carlan Mayle, a Cleveland police officer, testified that he responded to the radio broadcast of a holdup at the beverage store. When he arrived, he found Hopkins handcuffed. Car keys were found in Hopkins' pockets. The police searched the area for the vehicle. The keys fit a 1972 Buick LeSabre parked on South Moreland. A welfare identification card was found under the passenger seat. Cofield, Mixon and Timmons told Mayle that the person in the I.D. photo, the defendant, was the second robber.

Doyle Hopkins was called to testify by the state. At first he refused to answer questions because he did not want to incriminate himself. After the judge told Hopkins the Fifth Amendment was not available to him, Hopkins claimed that he did not remember the robbery. He also stated that he had not given a statement to the police.

The state then called Robert Liv-

ingston, a Cleveland police detective, who testified as follows:

"Q. At the time that you were talking with Mr. Hopkins on the afternoon of the 22nd, did you have State's Exhibit No. 8 (welfare identification card) with you?

"A. Yes, sir.

"Q. What did you do with it?

"A. Asked him if he knew this male.

"Q. You asked whom?

"A. Doyle Hopkins.

"Q. If he knew what male?

"A. This male in the photograph, Edward Houston.

"Q. Was there a response?

"A. Yes.

"Q. What was the response?

"MR. RUBINSTEIN: I am going to object to the response, your Honor; hearsay.

"THE COURT: The objection is noted and overruled. Proceed.

"A. He stated he had been running around with Houston for several weeks. He didn't know him that well or where he lived, but he had been with him that morning."

The jury found defendant guilty of two counts of aggravated robbery, one count of possession of criminal tools (the shotgun) and one count of unlawful possession of a dangerous ordnance.

On appeal defendant raises two errors.

## II

"I. The trial court erred by permitting a police officer to testify as to the contents of an oral statement made by appellant's co-defendant that inculpated the appellant, and thereby violated appellant's right to confrontation of witnesses as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."

Appellant argues that the admission of the testimony by Detective Livingston regarding Hopkins' statement deprived appellant of his right to cross-examination as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. We agree.

The statement was not admissible under Evid. R. 804 which allows hearsay testimony when a declarant is unavailable. Hopkins was unavailable. He stated that he had made no statement to the police and that he could not remember the robbery. Evid. R. 804(A) provides in relevant part:

"(A) Definition of unavailability. 'Unavailability as a witness' includes situations in which the declarant:

"* * *

"(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

"(3) testified to a lack of memory of the subject matter of his statement; or

"* * *"

Even though Hopkins was unavailable, his testimony must meet one of the exceptions enumerated in Evid. R. 804(B). *State* v. *Young* (1983), 5 Ohio St. 3d 221. Hopkins' statement does not fall within any of the Evid. R. 804(B) exceptions.

Evid. R. 804 has evolved to allow hearsay evidence in certain limited situations where the Confrontation Clause will not be violated. The Confrontation Clause reflects a preference for face-to-face confrontation at trial which is primarily secured by the right of cross-examination. *Ohio* v. *Roberts* (1980), 448 U.S. 56 [17 O.O.3d 240].

To allow Doyle Hopkins' hearsay statement into evidence without an opportunity to cross-examine him concerning that statement was a violation of appellant's confrontation rights.

The state contends that it had a right to impeach Hopkins because his testimony that he did not make a statement is inconsistent with Detective Livingston's testimony. Evid. R. 607. The

state could impeach Hopkins as to whether or not he made a statement to police. However, any testimony as to the contents of the statement far exceeded any permissible impeachment allowed by Evid. R. 607. Such testimony violated appellant's confrontation rights.

In *Young* the objectionable statements constituted reversible error even though there was a substantial amount of evidence against the defendant. *State* v. *Young* (Feb. 11, 1982), Cuyahoga App. No. 43439, unreported. However, in *Young* the statement was a confession. In the case at bar Hopkins' purported statement fell far short of being a confession or of explicitly implicating the defendant in the robbery. Therefore, in light of the overwhelming amount of evidence against the appellant, we conclude the admission of the statement was harmless error. The evidence against appellant was composed of a videotape of the robbery, the identification of four witnesses and the welfare identification card located in a car near the scene of the robbery.

The first assignment of error is overruled.

"II. The offenses of possessing criminal tools; unlawful possession of dangerous ordnance and aggravated robbery are allied offenses of similar import within the contemplation of Ohio Revised Code 2941.25, and therefore appellant's conviction for all three offenses cannot stand."

Appellant contends that it was error for the trial court to convict him of aggravated robbery, possession of criminal tools and unlawful possession of a dangerous ordnance as the offenses were allied pursuant to R.C. 2941.25. The criminal tool and dangerous ordnance was the sawed-off shotgun.

In a case on point with the one *sub judice* we have held these three offenses to be allied where a shotgun was used to commit an aggravated robbery, and the shotgun was the subject of the posses-

sion of criminal tools and unlawful possession of a dangerous ordnance charges. *State* v. *Kavlich* (May 5, 1983), Cuyahoga App. No. 45544, unreported.

Accordingly, appellant's convictions for possession of a dangerous ordnance and possession of criminal tools are reversed.

### III

The judgment of the trial court is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

MARKUS and PATTON, JJ., concur.