OPINION
Defendant Brian Jackson appeals a judgment of the Court of Common Pleas of Richland County, Ohio convicting and sentencing him for trafficking in drugs in violation of R. C. 2925.03, after a jury found him guilty. The jury acquitted appellant on another count of trafficking in drugs. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE TRIAL COURT PERMITTED THE STATE, UNDER THE GUISE OF IMPEACHMENT AND/OR REFRESHING A RECOLLECTION, TO READ ALOUD THE ALLEGED PRIOR STATEMENTS OF A KEY PROSECUTION WITNESS WHERE THAT WITNESS REFUSED TO TESTIFY.
At trial, the State presented evidence on February 24, 1997, the Mansfield Police Department attempted a controlled purchase of cocaine, using Carlton Jester to purchase $30.00 worth of cocaine from an unidentified target in Mansfield, Richland County, Ohio. Jester was searched, "wired" in order to make a tape recording of the transaction, and given $30.00 to purchase cocaine. Jester entered Satch's Bar while officers waited outside. Jester was unable to make contact with the target of the controlled buy, so police instructed him to purchase cocaine from appellant instead. Police did not re-search Jester before he returned to the bar. When Jester returned a second time, he had a small amount of crack-cocaine.
The following night Jester again participated in a controlled purchase of cocaine from appellant. Jester first went to Satch's Bar but then proceeded to a nearby home where waiting officers observed him conversing with appellant. Thereafter, Jester returned to the officers, with a small amount of crack-cocaine. Only the tape from the second transaction was admitted into evidence at trial.
At trial, the State called Carlton Jester to testify about his involvement in the case. Jester refused to testify, maintaining at the time of the transaction he was a drug addict, and did not recall any of the events. At the time of trial, Jester was incarcerated in the Lorain Correctional Institute. Jester asserted appellant is his cousin, and all Jester had to rely upon while he served his prison sentence was his family.
Over the objection of defense counsel, the trial court permitted the prosecution to attempt to "refresh" Jester's recollection by reading to him, in the presence of the jury, each line of two prior statements Jester had allegedly given to the police officers several months earlier. The record does not demonstrate Jester was shown a copy of the alleged prior statements, and the record does not demonstrate Jester signed the alleged prior statements. Jester never admitted to making the statements, but instead, responded to each question by saying he did not recall anything. The transcript of the questioning is nearly ten pages long, and the prosecution read over forty lines from the statements.
Prior to permitting the questioning, the trial court gave the jury a limiting instruction:
 Let me explain to you what is going on here. The prosecutor has an opportunity to try and refresh the witness' recollection. Understand though, that's not substantive evidence. The prosecutor doesn't testify. He is trying to confront the witness with this information to see if it jogs a witness' memory. Don't be under the impression that the prosecutor is testifying by reading this. Tr., Vol. 2, at 286.
Appellant argues the court erred in permitting the State to use Jester's prior statements to "refresh" his recollection.
Evid.R. 612 governs the use of writings to refresh a witness' memory. The prosecution cannot use the refreshing recollection rule as a tactic to get innuendo or inference before a jury, see State v. Liberatore (1982), 69 Ohio St.2d 583. The appropriate procedure upon determining a witness lacks present recollection of relevant events is to permit the witness to read a prior unsworn statement silently, see Dayton v. Combs (1993),94 Ohio App.3d 291.
Appellant asserts, and the record bears him out, that here, even the trial court was not satisfied Jester had actually forgotten the events. Rather, it appears clear from the record the court was convinced Jester was simply refusing to testify against his cousin.
Pursuant to Evid.R. 607, the State could impeach Jester, who was the State's own witness, by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. Evid.R. 803 provides a record or recollection is only admissible if the witness adopted the matter when it was fresh in his mind. The State did not demonstrate by any means appellant adopted these statements. Appellant neither acknowledged making them nor signed them.
Evid.R. 804(A)(2) defines a witness as "unavailable" if the witness persists in refusing to testify concerning the subject matter of the declarant's statement despite an order by the court to do so. The Staff Notes indicate the declarant may be present, but his testimony has become unavailable by virtue of the witness' refusal. In State v. Houston (1985), 26 Ohio App.3d 26, the Court of Appeals for Cuyahoga County reviewed a situation where a co-defendant first invoked his Fifth Amendment right not to incriminate himself, and then claimed he did not recall the robbery or give a statement to police. Over counsel's objection, the State called a police officer to testify about the co-defendant's oral statement. The court of appeals found Evid. R. 804 had evolved to allow hearsay evidence in certain limited situations where the Confrontation Clause will not be violated. The Confrontation Clause reflects a preference for face to face confrontation at trial which is secured by the right of cross-examination, Houston at 28, citing Ohio v. Roberts (1980),448 U.S. 56. In the Houston case, the court of appeals held to permit a police officer to repeat the hearsay statement violated appellant's right to confront the witness because there was no opportunity to cross-examine the declarant regarding the statement. The court of appeals also noted in Houston, the co-defendant's statement was not a confession of his own culpability, nor did he expressly implicate the defendant in the robbery.
Here, we find appellant's confrontation rights were not violated because appellant had ample opportunity to examine Jester.
Further, the record indicates not only did the police officers testify regarding Jester's presence at the transaction, but the jury heard the tape recording of the transaction. Jester's alleged oral statements to police were only a small portion of the evidence against appellant.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.