THE STATE OF OHIO, APPELLEE, *v.*
COLLIER, APPELLANT.

(No. 46572—Decided November 7, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Michael Smakula,* for appellee.

*Ms. Patricia A. Snyder,* for appellant.

*Per Curiam.* This is an appeal from the Cuyahoga County Court of Common Pleas. Defendant Collier was convicted of carrying a concealed weapon and having a weapon while under disability.

The facts in this case are relatively simple. Three police officers, part of a special unit set up to handle citizens' complaints, went in response to a complaint to the corner of East 121 Street and Union Avenue. After observing the area for a while, the officers approached a group of five on the corner. Two of the group ran off, and the others started to get into a parked car. Two police officers, Ptl. Chartschenko and Parkinson, saw Collier pull a shiny object from his waist and drop it in a snow bank. Chartschenko retrieved the object, a loaded .38 caliber revolver. Collier was then arrested and charged with carrying a concealed weapon and, because of his record, for having a weapon under disability.

What appears to have been a rather simple case has been complicated by the tactics used by the prosecution in the trial of this case. In examining the police officers, the prosecution elicited answers from Ptl. Chartschenko that the officers went to East 121 Street in response to a complaint about drug trafficking. There was no objection to this testimony. The prosecutor also had Chartschenko testify that the police approached Collier and the others because they thought a drug transaction had occurred. This same testimony was given by Ptl. Parkinson. Counsel for defendant objected both times and the testimony was ordered stricken.

Not content with the interjection of this irrelevant and potentially prejudicial testimony, the prosecution went on to question Ptl. Chartschenko about what he had found on Collier, *i.e.,* $1008 in cash. The officer displayed the money and told how he obtained it. This testimony was admitted over objection; the cash was offered as state's Exhibit 2, but was not admitted.

The defense called Earl Owens as a witness and began questioning him about money he gave to Collier. The state objected on the grounds of relevancy, and the court sustained the objection. Defendant proffered Owens' testimony to the effect that he had given Collier $800 to employ a singing group for Rev. Owens' church.

The defendant's proffer and the trial court's response appear in the record as follows:

"MR. MACK: May I also state for the record, that my reason for proffering on the record, is that during the earlier testimony by the state, the fact that the $800 did come out, having a tainted character, or the fact that my man had illicit money about him in an amount of $1008, even though the court has ruled that the money is irrelevant.

"THE COURT: Counsel, this is an argument that you can make in the Court of Appeals. Why don't we get on with the questioning?"

Counsel for appellant does make that

argument in the court of appeals by designating two assignments of error, which shall be treated jointly:

"I. The trial court erred in permitting evidence of other acts of the appellant and thus violated appellant's due process right as guaranteed by the Fourteenth Amendment.

"II. In the alternative, should this court determine that it was proper to admit the evidence complained of in assignment of error I, the trial court erred in precluding appellant from presenting rebuttal evidence on the same subject."

In essence, appellant says the testimony about possible drug deals and the money was highly prejudicial and should not have been put before the jury, and that that error was compounded by the trial court's refusal to permit Collier to offer evidence to explain the money and lessen the prejudicial effect.

It is significant, we believe, that in appellee's brief it makes no contention that the issue of the drug dealing or money is in any way relevant to the charges. Rather, the whole thrust of the brief is that it is harmless error. This position was soundly rejected by the Ohio Supreme Court in *State* v. *Young* (1983), 5 Ohio St. 3d 221, where it was stated that a reviewing court must assess the probable impact of prejudicial testimony on the average juror, and must consider the trial tactics of the prosecution.

In this case the prejudicial testimony was deliberate, having been introduced repeatedly. As noted in *Young, supra,* at page 226:

"Simply put, not everything is admissible. A trial strategy which throws in everything but the kitchen sink may cause the reversal of an otherwise valid conviction."

In this case, the jury was shown not only that Collier was a convicted felon who was carrying a concealed weapon, but also that he was probably a drug dealer as well. The jury was not allowed to hear testimony, admittedly somewhat incredible, to explain away the money. We cannot hold as a matter of law that this is harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 U.S. 18.

Based on the foregoing, assignments of error one and two are sustained. The judgment of the trial court is reversed and remanded for a new trial.

*Judgment reversed and cause remanded.*

MARKUS, P.J., NAHRA and GREY, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Eighth Appellate District.