OPINION
Defendant-appellant Peter Stapleton appeals his conviction and sentence in the Perry County Court of Common Pleas on two counts of burglary, two counts of theft, and four firearms specifications. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 12, 1996, the homes of James Dishon and Marc Henery were burglarized. Appellant, Danny Foreman, and Ryan Studer were implicated as the perpetrators of the crime.
On January 30, 1997, the Perry County Grand Jury indicted appellant on two counts of burglary, two counts of theft, and four firearms specifications.[1]
Appellant's trial commenced on August 25, 1997. At trial, Dishon testified his home, which is located at 2226 Airport Road, New Lexington, Perry County, Ohio was burglarized on December 12, 1996. Dishon testified the back door had been removed, and items taken from his home. Among the missing items were two antique shotguns and a gold watch. The value of these items exceeded $500.00. Dishon testified he did not see appellant in his home.
Marc Henery also testified at trial. He stated his home, located at 1745 Dutch Ridge Road, New Lexington, Perry County, Ohio was burglarized on December 12, 1996. Henery testified the burglary occurred between 7:00 a.m. and 11:00 a.m. Among the items missing were seven firearms, a VCR, and cash. The value of the items missing from Henery's home exceeded $1,500.00. Henery knew Ryan Studer and Danny Foreman in his capacity as assistant principal of New Lexington High School. Henery testified, at the end of the school year, Danny Foreman apologized to him for committing the burglary.
The State also called Ryan Studer as a witness. Studer stated he did not remember the burglaries and did not recall making any statements to the police concerning them. Studer then stated appellant was not with him during the burglaries.
On two separate occasions, Studer spoke with Sergeant Findlay of the New Lexington Police Department concerning the burglaries. The first conversation occurred on January 15, 1997, before Studer's own conviction on the charges arising from the aforementioned offenses. The second conversation took place on May 22, 1997, after Studer's conviction and plea.
The State indicated it wished to play audio-tapes of both interviews for the jury. Defense counsel objected arguing he would not have an opportunity to cross-examine the witness. Defense counsel further argued no corroborating circumstances existed which established the trustworthiness of the statements as required by Evid.R. 804. The trial court ruled Studer was unavailable and suggested the taped statements were against interest as defined by Evid.R. 804(B)(3). Defense counsel again objected. The trial court delayed ruling on the admissibility of the tapes until after Danny Foreman testified. The State argued Foreman's testimony would corroborate the statements made by Studer on the tapes. The State did not argue circumstances surrounding the taping of Studer's testimony indicated the trustworthiness of the statements. After hearing Foreman's testimony, the trial court ruled sufficient evidence to corroborate the tapes existed and ordered them admitted. Thereafter, the trial court permitted the State to play both taped conversations for the jury.
In the January 15, 1997 tape, Studer stated he drove to the Henery house with appellant and Foreman. Studer stated Foreman and appellant urged him to go inside the house with them, but he remained in the car. Studer then testified appellant and Foreman entered the house and removed a VCR and a blanket full of other items. Studer also claimed he was not involved in the burglary of the Dishon residence, and suggested appellant and Foreman may have committed it after he went home.
In the May 22, 1997 tape, Studer acknowledged he entered the Dishon house with Foreman and appellant, but stated he did not remember taking anything from the house. Thereafter, Studer admitted they had taken one gun from the house.
A jury convicted appellant on August 25, 1997, on all counts. The trial court sentenced appellant to four years imprisonment on each burglary charge, eleven months imprisonment on each theft count, and one year imprisonment on each of the firearms specifications. The trial court memorialized appellant's convictions and sentences in a judgment entry dated September 16, 1997.
It is from this judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY PERMITTING THE PROSECUTION TO PLAY AUDIO TAPES OF STATEMENTS MADE BY WITNESS RYAN STUDER BECAUSE THOSE STATEMENTS WERE INADMISSIBLE HEARSAY.
 II. THE DEFENDANT WAS DENIED THE RIGHT TO CONFRONT WITNESSES AGAINST HIM GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION TEN OF THE CONSTITUTION OF THE STATE OF OHIO.
 III. THE TRIAL COURT ERRED BY IMPOSING SENTENCES FOR FIREARM SPECIFICATIONS WHERE THE UNDERLYING FELONIES WERE PART OF THE SAME ACT OR TRANSACTION.
 IV. THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant contends the trial court erred by permitting the State to present audio-tapes of interviews between Ryan Studer and the New Lexington Police Department.
Appellant maintains the statements on these tapes are hearsay and do not fall within any of the recognized exceptions to the hearsay rule. Additionally, appellant argues the statements are not sufficiently supported by the indicia of reliability necessary for the admission of statements against interest into evidence.
"Hearsay" is defined in Evid.R. 801 as follows:
 "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
As a general rule, hearsay is not admissible. However, Evid. R. 803 and 804 provide exceptions to this general rule.
In the instant action, the trial court found the taped interviews admissible pursuant to Evid.R. 804(B)(3). Evid.R. 804(B)(3) allows statements against the interest of the declarant to be admitted into evidence if the declarant is unavailable as a witness and several other conditions are met. Evid.R. 804(B) provides, in pertinent part:
 The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
* * *
 (3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
Statements are considered to subject an individual to criminal liability if the statements would be of probative value in a trial against the declarant. United States v. Garris (1980),616 F.2d 626. Statements against interest are recognized as exceptions to the hearsay rule because it is assumed no reasonable person would make statements contrary to his own interest unless the statements were true. Evid.R. 804; State v. Gilliam (1994),70 Ohio St.3d 17, 20.
Our initial inquiry is whether Studer was "unavailable."
Evid R. 804(A) defines "unavailability" as follows:
 "Unavailability as a witness" includes situations in which the declarant:
 (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement;
 (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so;
 (3) testifies to a lack of memory of the subject matter of the declarant's statement;
* * *
The trial court declared Ryan Studer to be unavailable as a witness due to his persistent inability to recall the burglary. Tr. at 91-93. Appellant does not contest the trial court's finding Studer unavailable. Consequently, we need not review the judgment of the trial court in regard to Studer's unavailability.
We now turn to the question of whether Studer's taped statements were statements against interest. We will review each taped statement separately. The taped statement of January 15, 1997, implicated Studer in the burglary of the Henery residence. In the statement, Studer admits his knowledge of the burglary, and his assistance in the commission of the offense. The portions of the statement implicating Studer are properly regarded as statements against interest.
At trial, the State played the entire tape for the jury, including the portions inculpating appellant. The State argues, when determining whether a statement is against interest, the Court must look at the statement as a whole, not in segments of self-implicating and neutral statements. According to the State, all testimony integral to establishing the inculpatory nature of a statement should be admissible under Evid.R. 804(B)(3), even if certain portions do not directly inculpate the declarant. We disagree.
The State's argument ignores the rationale of Evid.R. 804(B)(3). As stated supra, Evid.R. 804(B)(3) provides for the admission of statements against interest because it is assumed no reasonable person would fabricate self-incriminating remarks.Gilliam, supra. While it may be unlikely a reasonable person would fabricate statements which implicate himself in a crime, it may be likely a reasonable person would fabricate statements neutral to his position and inculpatory of another. This is especially true in the case of a co-defendant, who often has an incentive to fabricate facts which are inculpatory of another. Leev. Illinois (1986), 476 U.S. 530, 541. Because the rationale behind the admission of statements against interest does not support the admission of those portions of the statement which are neutral to the declarant and/or inculpatory of another, we find such portions are inadmissible under Evid.R. 804(B)(3) and should be redacted prior to the admission of the inculpatory statement.
This position is well supported by precedent. See,Richardson v. Marsh (1987), 481 U.S. 200; State v. Young (1983),5 Ohio St.3d 221, 228; State v. Patterson (1996), 110 Ohio App.3d 264;State v. Cohen (April 29, 1988), Lake App. No. 12-011, unreported, 1988 WL 41545 ("[O]nly those portions of [the declarant's] statements which inculpate him and exculpate the appellant here are admissible under Evid.R. 804[B][3]").
Because the portion of the January 15, 1997 taped statement which mentions appellant in connection with the offense is neutral as to Studer's interest, we find the trial court should have redacted that portion of Studer's testimony prior to the admission of the January 15, 1997 taped interview.
We now turn our attention to the May 22, 1997 taped statement, which was made after Studer pled guilty. The guilty plea conclusively established Studer's civil liability. In this tape, Studer does not admit to any additional criminal acts which could expose him to criminal liability. As such, we find Studer's statements in the May 22, 1997 tape were not against his interest.[2] Therefore, we find the trial court erred in admitting the May 22, 1997 tape into evidence.
Although we find the trial court erred in admitting the tapes of Studer's interviews, such error was harmless as the evidence was cumulative. Foreman testified appellant was involved in the commission of both offenses. Therefore, the jury had sufficient evidence, even without Studer's statements, to find appellant guilty of the charges against him.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in admitting Studer's taped statements because the admission of these statements deprived him of his right to confrontation.
As we determined supra, the trial court's error in admitting Studer's taped statements was harmless, we need not decide whether appellant's right to confront Studer was violated by the trial court's decision to admit the audio-taped statements.
Accordingly, we overrule appellant's second assignment of error.
 III
In his third assignment of error, appellant asserts the trial court erred in sentencing him on four firearm specifications related to two counts of burglary and two counts of theft when the burglary and theft which occurred at each residence were part of a continuing course of conduct.
Appellee concedes the validity of this assignment of error. Accordingly, we vacate the trial court's sentence and remand this matter to the trial court for resentencing.
Appellant's third assignment of error is sustained.
 IV
In his fourth assignment of error, appellant maintains the trial court erred by allowing the jury's verdict to stand when it was against the manifest weight of the evidence. Appellant maintains the evidence upon which he was convicted was unreliable. Furthermore, appellant argues the witnesses who testified against him stood to gain by offering testimony against him, and were impeached by defense counsel on cross-examination.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lose its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins (1997) 78 Ohio St.3d 380,387, citing, State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
When applying the aforementioned standard of review to the case sub judice, upon our review of the entire record, we find the jury did not clearly lose its way so as to result in a manifest miscarriage of justice. Testimony at trial specifically inculpated appellant in the burglaries of both the Dishon and Henery residence. Tr. at 101-111. The weight of this evidence was properly a matter for the jury to determine. We do not find their verdict to have been against the manifest weight of the evidence.
Appellants fourth assignment of error is overruled.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed in part; vacated in part; and remanded to that court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.
[1] Both Ryan Studer and Danny Foreman were indicted on the same charges. Each later pled guilty to lesser charges.
[2] We note that had we found the May 22, 1997 tape was against Studer's interest, the same error concerning the failure to redact would apply to this statement.