Defendant-appellant, Ortayvian Griffin, appeals convictions for kidnapping pursuant to R.C. 2905.01(A)(4), rape pursuant to R.C. 2907.02(A)(2), attempted rape pursuant to R.C.2907.02(A)(2) and 2923.02(A), and robbery pursuant to R.C.2911.02(A), along with accompanying firearm specifications pursuant to R.C. 2941.145. We find no merit to appellant's assignments of error and we affirm the judgment of the trial court.
At trial, the victim testified that at approximately 5:00 p.m. on February 4, 1997, she got off a bus at Dana Road and Montgomery Road and began walking down Dana towards her home. She passed by an individual she later identified as appellant, who asked her the time. She responded and continued to proceed down Dana. Subsequently, she realized that appellant and another, smaller individual were following her.
When they came up behind her, appellant put an object that felt like a gun in her back. He demanded that she give him her money and she replied that she only had change. Appellant then ordered her to turn onto Idlewild Drive and go behind a house. He told her that she would not be hurt if she did what he said.
Once behind the house, appellant ordered the victim to get on her knees. As she did so, appellant's companion, later identified as thirteen-year-old Donald Sammie, took off her coat and backpack and began to rummage through them. Appellant then pulled his penis out of his pants and forced it into her mouth twice. He told her, "Don't bite me or I'll shoot you," as he displayed the barrel of a gun.
Appellant next ordered the victim to stand up and remove her pants. When she did not comply, he pulled her pants and her underpants down to her ankles. With his penis still out of his pants, appellant began to approach the victim as if to penetrate her. Just then, some dogs began barking and the victim began screaming for help. Appellant hit her in the face, and he and his companion fled from the scene.
The victim ran to her home and her roommates called the police. She described both individuals involved in the assault to the police and she specifically mentioned that her primary assailant had gold teeth. That evening, the clerk at the United Dairy Farmers store at Dana and Montgomery talked with Sammie, who appeared nervous. As a result of that conversation she notified the police about the rape. The clerk also testified that she had seen Sammie and appellant together earlier that day.
The police subsequently picked up Sammie for questioning. He described his and appellant's involvement in the crime in a taped statement that was substantially the same as the victim's description of events. The police then began looking for appellant. His mother eventually called and said she would bring him to the police station.
Appellant arrived at the police station on February 6, 1997, at 11:45 p.m. His photograph was taken and put in a photographic line-up. At that time, the victim unequivocally identified appellant as one of her assailants. When appellant arrived at the station, he did not have gold teeth but police officers testified that two of his top teeth looked shiny, like they were covered with plastic. Appellant's dental records showed that appellant had a dentist put gold crowns on two of his top teeth in January 1997 and then remove them on February 6, 1997.
After hearing the evidence, the jury found appellant guilty as charged. He was properly sentenced and this appeal followed. Appellant presents three assignments of error for review, which we will address out of order. In his third assignment of error, he states that the trial court erred in admitting into evidence the taped statements Daniel Sammie gave to police. He contends that the statements were hearsay and were not admissible under any exception to the hearsay rule, because Sammie was not an unavailable witness as defined by Evid.R. 804(A). He also contends that the admission of the statements violated his right to confront the witnesses against him. We find this assignment of error is not well taken.
Sammie's statements were admitted under the hearsay exception for statements against interest set forth in Evid.R. 804(B)(3), which requires that the declarant be "unavailable." Evid.R. 804(A) defines that term. It states:
"Unavailability as a witness" includes situations in which the declarant:
* * *
 (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so;
 (3) testifies to a lack of memory of the subject matter of the declarant's statement[.]
The record shows that when the state called Sammie as a witness, he alternatively refused to answer or claimed that he had no memory of the events in question. Though he answered a few minor background questions, he made it clear he would not testify about the pertinent events even if ordered to do by the court. Consequently, Sammie met the definition of an unavailable witness as set forth in Evid.R. 804(A)(2) and (3), and the trial court did not abuse its discretion in concluding that he was an unavailable for the purpose of determining if his statements were inadmissible hearsay. See State v. Young
(1983), 5 Ohio St.3d 221, 222-223, 450 N.E.2d 1143, 1145-1146;Dayton v. Combs (1993), 94 Ohio App.3d 291, 302-303,640 N.E.2d 863, 871; State v. Young (1984), 20 Ohio App.3d 269, 272-273,485 N.E.2d 814, 817-818.
Appellant next contends that the admission of Sammie's statements violated his right to confront the witnesses against him. The Confrontation Clause of the United States Constitution bars the admission of some evidence that would otherwise be admissible under a hearsay exception. When a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause requires a showing that the declarant is unavailable and that the out-of-court statement sought to be admitted into evidence bears adequate "indicia of reliability."State v. Gilliam (1994), 70 Ohio St.3d 17, 19, 635 N.E.2d 1242,1245, certiorari denied (1995), 513 U.S. 1090, 115 S.Ct. 750;State v. Julian (Sept. 18, 1998), Hamilton App. No. C-970538, unreported.
We have already held that Sammie was unavailable as defined by Evid.R. 804(A), so the first part of the test is met.Gilliam, supra, at 20, 635 N.E.2d at 1245; Julian, supra. We next determine if Sammie's statements bear adequate indicia of reliability. The Ohio Supreme Court has stated that "[t]he reliability standard can be satisfied without more in a case where the evidence falls within a firmly rooted hearsay exception." Gilliam, supra, at 19-20, 635 N.E.2d at 1245. The court went on to hold that the exception for statements against interest set forth in Evid.R. 804(B)(3) is such a "firmly rooted exception." Id. at 20-21, 635 N.E.2d at 1245-1246.
Consequently, if Sammie's statements qualify under the exception to the hearsay rule for statements against interest, then their admission into evidence did not violate appellant's rights under the Confrontation Clause. Evid.R. 804(B) provides:
 The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (3) * * * A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless the corroborating circumstances clearly indicate the trustworthiness of the statement.
In this case there is little dispute that Sammie's statements subjected him to criminal liability and were against his penal interest. But his statements must also meet the additional requirement that the corroborating circumstances indicate their trustworthiness. This requirement does not address the credibility of the witness but refers to the trustworthiness of the statement itself. State v. Landrum (1990), 53 Ohio St.3d 107,114, 559 N.E.2d 710, 720, certiorari denied (1991),498 U.S. 1127, 111 S.Ct. 1092. "[A] bare showing of some extent of corroboration is not enough. Instead, the rule contemplates a demonstration of corroborating circumstances * * * which, on balance, persuade the trial judge that the statement bears the clear indicia of reliability and trustworthiness, leaving the ultimate determination of credibility to the jury." State v.Saunders (1984), 23 Ohio App.3d 69, 73, 491 N.E.2d 313, 319. Accord State v. Branham (1995), 104 Ohio App.3d 355, 359,662 N.E.2d 54, 56; Combs, supra, at 303, 640 N.E.2d at 871. The decision whether to admit a hearsay statement of an unavailable declarant into evidence pursuant to Evid.R. 804(B)(3) lies within the discretion of the trial court. State v. Sumlin
(1994), 69 Ohio St.3d 105, 630 N.E.2d 681, syllabus.
In the present case, there were sufficient corroborating circumstances to demonstrate the trustworthiness of Sammie's statements. First, Sammie did not attempt to implicate appellant and exonerate himself; he clearly indicated he was an accomplice to the crimes. See Gilliam, supra, at 21,635 N.E.2d at 1246. Second, Sammie's version of events set forth in the statements varied in only a few details from the victim's. Third, the testimony of the United Dairy Farmers clerk verified that appellant was Sammie's companion on the day in question. Finally, evidence that appellant had gold crowns put on his teeth before the offense and removed a short time later supports Sammie's claim that appellant was the perpetrator. Under the circumstances, we cannot hold that the trial court's decision to admit Sammie's statements to the police as statements against interest was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Statev. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, 148. Accordingly, we overrule appellant's third assignment of error.
In his first assignment of error, appellant states that the evidence was insufficient to support his convictions. He contends that the state failed to prove that he was the perpetrator of the offenses and that he used an operable firearm in the commission of the offenses. We find this assignment of error is not well taken.
We find no merit to appellant's claim that the state failed to prove the identity of the perpetrator. The victim unhesitatingly identified appellant as her assailant. Her identification was based on her daylight observation of him for several minutes. See State v. Weathersby (Dec. 4, 1998), Hamilton App. No. C-971055, unreported; State v. Merritt (Oct. 16, 1998), Hamilton App. No. C-970479, unreported. Sammie, who was also identified by the victim, named appellant as the perpetrator of the offenses. Finally, appellant's dental work to remove the gold crowns specifically identified by the victim, which was conducted immediately before he turned himself in to the police, also supported the inference that appellant was the offender. Resultantly, we hold that the state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that appellant was the perpetrator of the offenses in question. Consequently, the evidence was sufficient to support appellant's convictions. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
We also find no merit to appellant's claim that the evidence was insufficient to prove the firearm specifications. The Ohio Supreme Court has stated:
 A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm. * * *
State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph one of the syllabus.
In this case, the victim testified that she felt a gun barrel in her back and that appellant demanded money. She obeyed appellant's order because she was afraid of that gun. Later, during the rape, appellant displayed the barrel of the gun to her and threatened to shoot her if she bit him. It follows, then, that the evidence showed that appellant's actions were consistent with the use of an operable firearm. We hold that the circumstantial evidence presented by the state could convince a rational trier of fact that appellant brandished or displayed an operable firearm during the commission of the offenses, and, therefore, the evidence was sufficient to support the firearm specifications pursuant to R.C. 2941.145
and 2929.14. See Jenks, supra, at paragraph two of the syllabus; State v. Paramore (Sept. 19, 1997), Hamilton App. C-960799, unreported.
Appellant makes much of the fact that, in Sammie's taped statement, Sammie said he thought the gun used in the offense was a pellet gun. We agree that proof of the use of a pellet gun during an offense will not support a firearm specification.State v. Gaines (1989), 46 Ohio St.3d 65, 68, 545 N.E.2d 68,71. In this case, however, the jury apparently did not believe this statement, and it is well settled that matters as to the credibility of evidence are for the jury to decide. State v.Walker (1978), 55 Ohio St.2d 208, 212, 378 N.E.2d 1049, 1051, certiorari denied (1979), 441 U.S. 924, 99 S.Ct. 2033. Accordingly, we overrule appellant's first assignment of error.
In his second assignment of error, appellant states that the convictions were against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the convictions and order a new trial. Consequently, appellant's convictions are not against the manifest weight of the evidence. Thompkins,supra, at 387, 678 N.E.2d at 546-547; State v. Allen (1990),69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278. Accordingly, we overrule his second assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
HILDEBRANDT and M.B. BETTMAN, JJ., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.