OPINION
{¶ 1} Defendant-appellant James Barnett appeals from his conviction and sentence in the Tuscarawas County Court of Common Pleas on one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B), with the specification that appellant caused a substantial risk of serious physical harm to persons or property, pursuant to R.C. 2921.331(C)(5)(a)(ii). The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 20, 2003, appellant was indicted on one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5). The charges arose from an incident on Monday, April 21, 2003, at approximately 6:39 P.M., in which appellant was riding a motorcycle. Officer Aaron Fulton of the New Philadelphia Police Department was on routine patrol when he observed appellant's motorcycle slide through a stop sign and narrowly avert a collision with the officer's cruiser.[1] Officer Fulton described the motorcycle as actually going sideways as appellant slammed on the brake after seeing the Officer. Officer Fulton testified that he had to swerve his patrol cruiser to avoid colliding with the motorcycle.
 {¶ 3} Officer Fulton activated his overhead lights and siren. After performing a u-turn, Officer Fulton pursued the motorcycle. The motorcycle then ran a stop sign at approximately 65 miles per hour. Officer Fulton testified that the motorcycle continued to accelerate to a maximum speed of 80 miles per hour. Officer Fulton testified that on average, the motorcycle's speed was 45 to 50 miles per hour. The speed limit was 20 miles per hour.
 {¶ 4} Appellant then turned onto an alleyway which is called "Fourth Drive" which is only about one half the width of a normal street. Officer Fulton told the jury that one has to be very cautious in driving this particular alleyway because it is very narrow. Officer Fulton testified that slow speeds are required, especially if you are passing another vehicle going the other direction. Officer Fulton also described the area as being right near the high school and in a heavily populated area with lots of children. Officer Fulton testified that even though he was following the motorcycle with his lights and sirens both on, the motorcycle never slowed down but, instead, sped up. Appellant proceeded to run through another stop sign at the intersection of Fourth Drive and Cedar Lane. That intersection was a four-way stop intersection and described as a "blind intersection" where it was difficult to see to one's right or left.
 {¶ 5} Officer Fulton described how another vehicle, a pick-up truck, came from the opposite direction down Fourth Drive. Officer Fulton stated that the truck had to go off the right side of the alleyway to get over to avoid colliding with the motorcycle.
 {¶ 6} Officer Fulton continued to follow the motorcycle and caught a glimpse of the motorcycle and then saw a garage door closing at an apartment. At that time, Officer Fulton received help from other officers as well as a canine unit. The officers surrounded the apartment and started the process to get a search warrant. Approximately 15 to 20 minutes later, appellant came out of the apartment and was taken into custody.
 {¶ 7} After being taken into custody, appellant attempted to explain his actions by claiming that he was scared. Appellant also told the police that he did not think he was going very fast because he knew there were lots of kids in that particular area.
 {¶ 8} Officer Fulton then discovered that there were two warrants for appellant's arrest. In addition, appellant did not have a valid Ohio driver's license.
 {¶ 9} The matter came to a jury trial on January 6, 2004. During the jury's deliberation, the jury had a question. The question was "does substantial injury to person or persons include Mr. Barnett." Tr. at 128. Over counsel's objection, the trial court answered the question by stating that "`serious physical harm to persons,' refers to all persons, including the defendant, Mr. Barnett." Id. at 129. Subsequently, the jury returned a verdict of guilty as charged.
 {¶ 10} A sentencing hearing was held on February 18, 2004. By Judgment Entry filed February 19, 2004, appellant was sentenced to three years of community control, the terms of which included a complete drug and alcohol assessment, a strict prohibition against appellant driving without a valid license and 40 hours of community service. The trial court further ordered that if appellant was not successful on community control, appellant would be sentenced to one year of incarceration.
 {¶ 11} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 12} "The trial court erred when it answered a jury question that substantial injury to person or persons included james barnett. this answer improperly resolved a statutory ambiguity against the defendant and allowed the jury to lose its way."
 {¶ 13} In his sole assignment of error, appellant contends that the trial court erred when it allowed the jury to convict appellant of an enhanced form of failing to comply with the signal and/or order of a police officer based on an interpretation of R.C. 2921.331(C)(5)(a)(ii) which allowed the jury to find that appellant need only have caused danger to himself and no one else.
 {¶ 14} Appellant admits that he violated R.C. 2921.331(B) which states that: "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." However, appellant challenges the elevation of the offense to a felony of the third degree pursuant to R.C. 2921.331(C). Revised Code 2921.331(C)(5)(a)(ii) states as follows:
 {¶ 15} "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: . . ." (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 16} In this case, the jury asked the following question during deliberations: "does substantial injury to person or persons include Mr. Barnett." Tr. at 128. The trial court answered the jury's question, over the objection of appellant's defense counsel as follows: "`serious physical harm to persons,' refers to all persons, including the defendant, Mr. Barnett." Id. at 129. Appellant argues that this answer was erroneous, contending that the legislature used the word "person" in a way in which the word person is analogous to the word "another." Thus, appellant argues that the law requires that the jury find that the offender caused serious risk of harm to "another," separate and distinct from any risk to himself. Appellant contends that the trial court's response to the question "potentially allowed the jury to lose its way by convicting [appellant]. . . ." Merit Brief of Appellant, pg. 6. (Emphasis added.)
 {¶ 17} The State essentially argues that even if the trial court's instruction was erroneous, it was harmless. Pursuant to Crim. R. 52(A), any error will be deemed harmless if it did not affect an accused's substantial rights.[2] Thus, under a Crim. R. 52(A) analysis, the conviction will be reversed unless the State can demonstrate the defendant has suffered no prejudice as a result of the error. State v.Perry, 101 Ohio St.3d 118, 121, 2004-Ohio-297, 802 N.E.2d 643 (citingUnited States v. Olano (1993), 507 U.S. 725, 741, 113 S.Ct. 1770,123 L.Ed 508 and State v. Gross, 97 Ohio St.3d 121, 2002-Ohio-5524,776 N.E.2d 1061). "When a claim of harmless error is raised, the appellate court must read the record and decide the probable impact of the error on the minds of the average juror." State v. Young (1983),5 Ohio St.3d 221, 226, 450 N.E.2d 1143 (citing Harrington v. California
(1969), 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284). An appellate court must reverse if the government does not meet its burden. Perry,101 Ohio St.3d at P 15.
 {¶ 18} The record herein presents overwhelming evidence of appellant's guilt. Evidence showed that while fleeing from the police officer, appellant ran through a four way stop sign at approximately 65 miles per hour. As appellant sped away, the motorcycle reached an estimated speed of 80 miles per hour in a 20 mile per hour speed zone. Appellant drove the motorcycle at these high speeds through what was described as a heavily populated area with lots of children and then turned onto Fourth Drive, a narrow alleyway. On Fourth Drive, a pick-up truck was coming from the other direction and the truck had to get off the right side of the road to avoid colliding with the motorcycle. The Officer testified that had the driver of the pick-up truck not moved over and gone off the side of the road, there would have been a head on collision.
 {¶ 19} A review of the evidence overwhelmingly shows that appellant created a substantial risk of serious physical harm to other persons and/or property, including the driver of the pick-up truck and Officer Fulton who was attempting to follow appellant. Accordingly, we find that any error was harmless. In so doing, we find that even if we assume arguendo that the trial court's answer to the jury's question was error, appellant was not thereby prejudiced.[3] We conclude that the jury did not lose its way in convicting appellant.
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This collision played no part in creating a substantial risk of physical harm to persons or property, pursuant to R.C. 2921.331(C)(5), as it preceded Officer Fulton's pursuit of appellant.
[2] Criminal Rule 52(A) defines harmless error and states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."
[3] We note that the question by the jury could be read to indicate that at least one juror had a concern as to whether any person other than appellant was at risk. However, as stated previously, this Court's standard of review requires that the alleged error be considered in light of the average juror, not a particular juror. Further, even appellant acknowledges that the trial court's answer to the question "potentially" allowed the jury to convict appellant for creating a danger to himself. In light of the overwhelming evidence demonstrating that appellant created a substantial risk of serious harm to persons or property, we find no grounds for reversal.